**REVERSE, REINSTATE, and RENDER; and Opinion Filed June 7, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00093-CV**

**CAROLINE CULWELL, Appellant**
**V.**
**ANDRES DIAZ, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-09040**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice O'Neill

This case arises from a car accident involving appellant Caroline Culwell and appellee Andres Diaz. The only issue before the jury was whether Diaz should recover for diminution of value to his vehicle. The jury awarded Diaz $0.00 in diminution of value damages. Diaz filed a motion for judgment notwithstanding the verdict, which the trial court granted. The trial court then awarded Diaz $15,671.00 in diminution of value damages. In a single issue, Culwell argues the trial court erred by granting Diaz's judgment notwithstanding the verdict. We reverse the trial court's November 4, 2011 final judgment, which granted Diaz's motion for judgment notwithstanding the verdict. We reinstate and render judgment in accordance with the jury's award of $0.00 in damages.

**Factual Background**

Diaz testified he was a car enthusiast, and in 2009 he purchased a 2010 Mercedes C63 AMG for approximately $85,000 from Ewing Autohaus. The car had many add-ons that made it more powerful and "a little bit more high end." He considered this his "dream car." He owned the Mercedes for about two weeks before Culwell rear-ended him on October 17, 2009. The accident occurred while Diaz was stopped at a red light, and Culwell rolled into him. It was not a high impact crash; however, it caused significant damage to the backend of the Mercedes. Diaz drove the Mercedes home after the accident, but he needed a bungee cord to keep the trunk tied down.

The following day Diaz took the Mercedes to Ewing Autohaus for repairs. The repairs cost him $9,383.01. After the repairs, Diaz asked the dealership's salesman how much he could get for a trade-in. The salesman told him $56,000. Dias then visited several other dealerships, but no one would give him a verbal or written appraisal because they did not want a high-end car that had been in a wreck.

He decided to keep the car because if he sold it, he would sell it for a loss. At the time of trial, he admitted he still owned the Mercedes, it ran well, and it was his primary vehicle for transportation. He admitted the average person walking down the street would not be able to tell the Mercedes had been in an accident.

Although Diaz originally filed suit against Culwell for negligence, gross negligence, mental anguish, diminution of value damages for the Mercedes, and exemplary damages, he non-suited his personal injury claims and waived his gross negligence claim in exchange for Culwell's stipulation of liability. Culwell stipulated liability; therefore, the only question for the jury was whether Diaz should recover for diminution in value to his vehicle.

Besides Diaz, the only other witness to testify at trial was his expert, Donald Shipman, a self-employed appraiser. Shipman testified the Mercedes suffered a diminution in value of $15,671.00. This calculation was based on the value of the Mercedes before the wreck and the value after repairs. He valued it before the wreck at $77,900 and valued it after the wreck at $62,228.77. He further testified most people in the market for this type of high-end car would not buy one that had been in a wreck. He testified he was not surprised that Diaz was still driving the car because he knew Diaz would take a loss on the car if he sold it. He said it would probably take about twenty years for the price to even out to sell it without a loss. Shipman further testified that just because Diaz had not yet sold the car for a loss, his decision not to sell did not mean he had not already experienced a loss. The jury disagreed and returned a verdict of $0.00 in diminution of value damages.

Diaz filed a motion for judgment notwithstanding the verdict in which he argued there was no evidence to support the jury's "zero" answer, and the uncontroverted and conclusive evidence provided by Shipman established as a matter of law the diminution in value of the Mercedes was $15,671.00. The trial court granted the motion and awarded Diaz $15,671.00. This appeal followed.

**Standard of Review**

We review a JNOV under a no-evidence standard, meaning we credit evidence favoring the jury verdict if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009). We will uphold the jury's finding if more than a scintilla of competent evidence supports it. *Id*. The final test for legal sufficiency must always be whether the evidence at trial would enable fair-minded people to reach the verdict under review. *Id*. We recognize the factfinder is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we cannot

substitute our judgment for that of the factfinder so long as the evidence falls within the zone of reasonable disagreement. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). "[I]n every circumstance in which reasonable jurors could resolve conflicting evidence either way, reviewing courts must presume they did so in favor of the prevailing party, and disregard the conflicting evidence in their legal sufficiency review." *Id*. at 821. Thus, to support the trial court's JNOV, Diaz was required to prove that the evidence conclusively proved $15,671.00 in diminution of value to his Mercedes and that no reasonable jury was free to think otherwise.

### Discussion

Appellant argues entry of a JNOV was inappropriate because (1) sufficient evidence exists to support a finding Diaz was not a willing seller; (2) sufficient evidence exists to support a finding that no market existed for a used 2010 Mercedes C63 AMG; (3) more than a scintilla of evidence exists to support a determination that Diaz did not suffer diminution damages; and (4) his diminution damages were speculative.

Culwell's first two arguments are without merit because a party is not required to show he is actually willing to sell or that another party is actually willing to buy a car. It is, by its very nature, a hypothetical determination–"an imaginary price to be paid by an imaginary buyer to an imaginary seller in an imaginary sale." *Watkins v. Shurley*, No. 03-09-00393-CV, 2010 WL 5690100, at *5 (Tex. App.—Austin Feb. 4, 2011, no pet.) (mem. op.) (citing *Austin v. Cannizzo*, 267 S.W.2d 808, 816 (Tex. 1954) (Garwood, J., dissenting)). The sale in question "has not been made and never will be . . . ." *Austin*, 267 S.W.2d at 818. Thus, evidence alleging Diaz was not a willing seller and he could not find a willing buyer is immaterial to our determination.

As to appellant's remaining arguments, we must determine whether the jury was free to disbelieve the testimony of Diaz's expert regarding diminution of value. Appellant contends it was within the province of the jury to disbelieve Shipman's testimony. Diaz responds that expert

–4–

testimony is required to prove diminution of value damages, and the jury was not free to "simply disregard Mr. Shipman's uncontroverted expert testimony . . . , and reach their own conclusion unsupported by evidence." We disagree with Diaz.

While Shipman provided the jury with information regarding the value of the Mercedes before and after the wreck, and then based on those numbers, calculated the diminution of value at $15,671.00, the jury was free to disbelieve him. Regardless of how persuasive, his testimony was nothing more than expert testimony. "The rule is well settled that this character of testimony is nothing but evidentiary, and is never binding on the trier of facts. Thus, the factfinder is not cut off from exercising considerable personal judgment about how far such opinions are to be relied on." *Main Bank & Trust v. York*, 498 S.W.2d 953, 957 (Tex. App.—San Antonio 1973, writ ref'd n.r.e.) (holding jury was free to disbelieve expert testimony regarding projected pecuniary loss).

Moreover, even uncontroverted expert testimony does not bind jurors unless the subject matter is one for experts alone. *See City of Keller*, 168 S.W.3d at 820. Despite Diaz's arguments to the contrary, determining the value of a car for purposes of calculating diminution of value is not so complicated that an expert's testimony is necessary for a jury to understand. Rather, an owner of a car may testify he is familiar with the market value of his car. *See, e.g., Ford Motor Co. v. Cooper*, 125 S.W.3d 794, 800 (Tex. App.—Texarkana 2004, no pet.) (noting that in order for a property owner to qualify as a witness to the damages to his property, his testimony must show that it refers to market, rather than intrinsic, value of the property); *Fid. & Cas. Co. of New York v. Underwood*, 791 S.W.2d 635, 642 (Tex. App.—Dallas 1990, no writ) (concluding owner's testimony as to market value of his vehicle had probative value); *see also Paez v. Gelboym*, No. 4:11-CV-564, 2013 WL 1949947, at *4 (E.D. Tex. May 9, 2013) (mem. op. and order) (concluding testimony of owner regarding the market value of his vehicle was

sufficient to support jury's damages award and defeat defendant's motion for judgment as a matter of law). Thus, the law is clear an expert is not required to testify as to diminution of value, and because the subject is not one for experts alone, the jury was free to disbelieve Shipman's uncontroverted testimony. *See City of Keller*, 168 S.W.3d at 822 (appellate court may not substitute its judgment for that of the factfinder so long as the evidence falls within the zone of reasonable disagreement).

Accordingly, the jury's verdict is supported by more than a scintilla of evidence, and Diaz has failed to prove that no reasonable jury could conclude otherwise. We sustain appellant's sole issue.

## Conclusion

We reverse the trial court's November 4, 2011 final judgment, which granted Diaz's motion for judgment notwithstanding the verdict. We reinstate and render judgment in accordance with the jury's award of $0.00 in damages.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120093F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAROLINE CULWELL, Appellant

No. 05-12-00093-CV      V.

ANDRES DIAZ, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-10-09040.
Opinion delivered by Justice O'Neill,
Justices Bridges and Murphy participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's November 4, 2011 final judgment. We **REINSTATE** and **RENDER** judgment in accordance with the jury's award of $0.00 in damages.

It is **ORDERED** that appellant Caroline Culwell recover her costs of this appeal from appellee ANDRES DIAZ.

Judgment entered this 7th day of June, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE